IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES PATRICK WILSON,

    Plaintiff,

vs.                                                                 No. 24-cv-265 JCH/KRS

BOARD OF COUNTY COMMISSIONERS
OF SAN JUAN COUNTY, *et al.*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff Charles Patrick Wilson's Prisoner's Civil Rights Complaint. (Doc. 1). Plaintiff is incarcerated, proceeding *pro se*, and paid the required initial partial filing fee on January 22, 2025. (Doc. 7). Plaintiff has also filed a Motion to Appoint Counsel. (Doc. 8). Having reviewed Plaintiff's claims and the relevant law pursuant to the screening requirement of 28 U.S.C. § 1915A, the Court will deny Plaintiff's Motion to Appoint Counsel, dismiss his claims, and and grant him leave to file an amended complaint.

1. **Motion to Appoint Counsel**

Plaintiff asks the Court to appoint him counsel because he is legally blind. (Doc. 8). "Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take the case." *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). The decision to make this request is a matter of discretion. *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012). Factors guiding the Court's decision include "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397. Considering these factors, the Court will not take the extraordinary step of asking a local

attorney to represent Plaintiff on a *pro bono* basis at this time. The claims are not complex, and it is at least questionable whether Plaintiff will prevail on the facts alleged. Further, Plaintiff's filings reflect that he is able to prosecute this action on a *pro se* basis, at least at this stage, despite issues with his sight. The Court will therefore deny Plaintiff's Motion to Appoint Counsel without prejudice.

**2. Initial Review of Complaint**

Plaintiff's Complaint begins with an "Entry of Explanation" in which he states that his attorney withdrew from a civil case he had filed in state court. (Doc. 1) at 1 (citing state case No. D-1116-CV-2023-1231, filed in the Eleventh Judicial District Court in San Juan County, New Mexico). Plaintiff asks the Court to accept this state court complaint "on the basis for this Prisoners Civil Rights Complaint herein, filed with this court." *Id.* The Complaint itself lists the same eight defendants named in the state court complaint, but does not raise any claims or grounds for relief. *See id.* at 2-7.

Attached to the Complaint is the state court complaint filed in Case No. D-1116-CV-2023-1231. *Id.* at 8-18. The state court complaint names eight defendants: Farmington Police Department officers Hansel Felix, Zachary Goar, and Billy Cancino; the Board of County Commissioners of San Juan County; Thomas Havel, warden of San Juan County Detention Center ("SJCDC"); Thomas Paul, SJCDC operations lieutenant; Michael York, SJCDC booking sergeant; and A. Klitzke, SJCDC correctional officer. *Id.* at 8-9. The state court complaint alleges that on November 1, 2021, Defendants Felix and Goar injured Plaintiff while arresting him. *Id.* at 14. It further alleges that Plaintiff was then attacked by another detainee following his arrest while he was in the booking area of the SJCDC. *Id.* at 10-13. The state court complaint brings two claims against Defendants pursuant to the New Mexico Tort Claims Act: (1) Battery; and (2) Negligent

Operation of a Building. *Id.* at 13-17. The state court docket in Case No. D-1116-CV-2023-1231 reflects that Plaintiff's attorney withdrew from the case on February 13, 2024, and on March 11, 2024 Plaintiff filed a *pro se* Motion to Dismiss the state case without prejudice to allow him time to seek new counsel.[1] The state district court granted Plaintiff's Motion to Dismiss on February 27, 2025, and dismissed the state case without prejudice. *See* Order Dismissing Case Without Prejudice, filed in Case No. D-1116-CV-2023-1231.

Under the Prison Reform Litigation Act (PLRA), federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a government entity or officer. *See* 28 U.S.C. § 1915A(a). The Court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1). In addition, Rule 8 requires a short and plain statement of the grounds for relief, and it is not the role of the court to sort through a complaint and exhibits to construct a plaintiff's causes of action. *See McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (citations omitted) (explaining that allowing such pleadings to survive screening "would force the Defendants to carefully comb through" a pleading "to ascertain which … pertinent allegations to which a response is warranted").

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court

---

[1] To better interpret the citations in the Petition, the Court took judicial notice of Plaintiff's state court docket in Case No. D-1116-CV-2023-1231. *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* Nevertheless, the Cour tis not obligated to craft legal theories for the plaintiff, and it is not the "proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*

As an initial matter, it is not clear whether Plaintiff intended to file this action in this Court, or if he intended to re-open his state case. If Plaintiff intended to re-open his state case, he may file a complaint in that court at the following address:

>  Eleventh Judicial District Court
> San Juan County
> 851 Andrea Drive
> Farmington, NM, 87401

If Plaintiff intended to file in this Court, it is not clear the Court has jurisdiction. Federal courts may *sua sponte* analyze jurisdiction. *See In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th 1126, 1170 (10th Cir. 2023). "[F]ederal question jurisdiction must appear on the face of the complaint." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012) (quotations omitted). Courts must "look to the way the complaint is drawn" to determine whether it asserts a "right to recover under the Constitution and laws of the United States." *Id.* Plaintiff here does not assert any federal claims, and the state court action he refers to only raises state-law claims under the New Mexico Tort Claims Act. The Court may not construct Plaintiff's causes of action. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998) (explaining that a plaintiff bringing an action under 42 U.S.C. § 1983 must allege that each government official, through the official's own individual actions, has personally violated the Constitution). Accordingly, the Court will dismiss the Complaint without prejudice for lack of jurisdiction and allow Plaintiff to file an amended complaint. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) (providing

that *pro se* plaintiffs should ordinarily be given an opportunity to "remedy defects potentially attributable to their ignorance of federal law").

If Plaintiff seeks to raise federal claims, he may file a single amended complaint on the proper form § 1983 complaint within thirty (30) days of entry of this Order. The amendment must not exceed 30 pages in length. If Plaintiff chooses to file an amended complaint, he is instructed that "[a] cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). There must be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In addition, "a successful § 1983 complaint must make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original). If Plaintiff wishes to name an entity or a prison supervisor, such defendants cannot be liable under § 1983 for the actions of their employees. *See Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). The allegations must show the entity or prison supervisor is responsible for a policy or custom that caused the constitutional violation. *See Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996); *Brown v. Montoya,* 662 F.3d 1152, 1164-65 (10th Cir. 2011).

If Plaintiff seeks to bring a claim for excessive force under the Fourth Amendment, he must allege force that "is unreasonable—*i.e.*, excessive—under the circumstances." *See Graham v. Connor*, 490 U.S. 386, 396-97 (1989) (holding "that all claims that law enforcement officers have used excessive force—deadly or not—[during] an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment"). A claim of excessive force

requires "careful attention to the facts and circumstances of each particular case[.]" *Id.* at 396. Relevant considerations in this analysis include "<u>the severity of the crime at issue</u>, <u>whether the suspect poses an immediate threat to the safety of the officers or others</u>, and <u>whether he is actively resisting arrest or attempting to evade arrest by flight</u>." *Id.* (underlining added for emphasis); *Fisher v. City of Las Cruces*, 584 F.3d 888, 894 (10th Cir. 2009) (recognizing three "non-exclusive factors relevant to" a court's excessive force inquiry); *Perea v. Baca*, 817 F.3d 1198, 1202 (10th Cir. 2016) (same). "If the plaintiff can prove that the officers used greater force than would have been reasonably necessary to effect a lawful arrest, he is entitled to damages resulting from that excessive force." *Cortez v. McCauley*, 478 F.3d 1108, 1127 (10th Cir. 2007).

To the extent Plaintiff intends to bring an Eighth Amendment claim, such claims require a showing that each defendant "knows of and disregards an excessive risk to inmate … safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In the context of failure to protect cases, prison officials must be aware of specific facts that the attacker could be dangerous. *See, e.g., Miles v. Conrad*, 805 Fed. App'x 607, 611 (10th Cir. 2020) (finding no constitutional violation where plaintiff "communicated several times with prison staff that [his] cellmate was stealing from him and that they were not getting along," but "none of the … reports indicate[d] aggressive or threatening behavior by" the attacker); *Gray v. Sorrels*, 744 Fed. App'x 563, 570 (10th Cir. 2018) (complaint failed to state a claim even though prison doctors knew plaintiff's attacker/cellmate stopped taking his psychotropic medication, as there are were no specific warnings that the attacker could become violent).

Plaintiff is further advised that any amendment will supersede the original Complaint and must include all federal and state claims he wishes to pursue in this case. If he fails to timely

amend his complaint, the Court may dismiss all federal § 1983 claims with or without prejudice; decline to exercise supplemental jurisdiction over any state law claims; and dismiss all state law claims without prejudice for lack of jurisdiction

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Appoint Counsel (**Doc. 8**) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Prisoner's Civil Rights Complaint (**Doc. 1**) is **DISMISSED without prejudice** and Plaintiff is granted leave to file a single, amended pleading, as set forth above, within thirty (30) days of entry of this Order.

**IT IS FINALLY ORDERED** that the Clerk's Office is directed to **MAIL** Plaintiff a form § 1983 complaint.

**SO ORDERED.**

_____
SENIOR UNITED STATES DISTRICT JUDGE