IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES PATRICK WILSON,

    Plaintiff,

vs.	No. 24-cv-265 JCH/KRS

BOARD OF COUNTY COMMISSIONERS
OF SAN JUAN COUNTY, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Charles Patrick Wilson's failure to file an amended complaint as directed. Plaintiff was incarcerated when he initiated this proceeding and is proceeding *pro se*. His original Complaint begins with an "Entry of Explanation" in which he states that his attorney withdrew from a civil case he had filed in state court. (Doc. 1) at 1 (citing state case No. D-1116-CV-2023-1231, filed in the Eleventh Judicial District Court in San Juan County, New Mexico). Plaintiff asks the Court to accept this state court complaint "on the basis for this Prisoners Civil Rights Complaint herein, filed with this court." *Id.* The Complaint itself lists the same eight defendants named in the state court complaint, but does not raise any claims or grounds for relief. *See id.* at 2-7.

Attached to the Complaint is the state court complaint filed in Case No. D-1116-CV-2023-1231. *Id.* at 8-18. The state court complaint names eight defendants: Farmington Police Department officers Hansel Felix, Zachary Goar, and Billy Cancino; the Board of County Commissioners of San Juan County; Thomas Havel, warden of San Juan County Detention Center

("SJCDC"); Thomas Paul, SJCDC operations lieutenant; Michael York, SJCDC booking sergeant; and A. Klitzke, SJCDC correctional officer. *Id.* at 8-9. The state court complaint alleges that on November 1, 2021, Defendants Felix and Goar injured Plaintiff while arresting him. *Id.* at 14. It further alleges that Plaintiff was then attacked by another detainee following his arrest while he was in the booking area of the SJCDC. *Id.* at 10-13. The state court complaint brings two claims against Defendants pursuant to the New Mexico Tort Claims Act: (1) Battery; and (2) Negligent Operation of a Building. *Id.* at 13-17. The state court docket in Case No. D-1116-CV-2023-1231 reflects that Plaintiff's attorney withdrew from the case on February 13, 2024, and on March 11, 2024 Plaintiff filed a *pro se* Motion to Dismiss the state case without prejudice to allow him time to seek new counsel.[1] The state district court granted Plaintiff's Motion to Dismiss on February 27, 2025, and dismissed the state case without prejudice. *See* Order Dismissing Case Without Prejudice, filed in Case No. D-1116-CV-2023-1231.

By a Memorandum Opinion and Order entered May 14, 2025, the Court determined the original Complaint fails to state a cognizable claim under the U.S. Constitution and 42 U.S.C. § 1983. (Doc. 9) (Screening Ruling); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of prisoner complaints against governmental entities). The Screening Ruling explains it is not clear whether Plaintiff intended to file the Complaint in this Court, or if he intended to re-open his state case. The Court informed Plaintiff that if he intended to re-open his state case, he may file a complaint in the state court, and the Court provided the state court address. (Doc. 9) at 4. The

---

[1] To better interpret the citations in the Petition, the Court took judicial notice of Plaintiff's state court docket in Case No. D-1116-CV-2023-1231. *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

Screening Ruling further explains that it is not clear this Court has jurisdiction over Plaintiff's claims because Plaintiff does not assert any federal claims, and his state court action only raises state-law claims under the New Mexico Tort Claims Act.  *See id.*; *see also In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th 1126, 1170 (10th Cir. 2023) (explaining federal courts may *sua sponte* analyze jurisdiction); *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012) ("[F]ederal question jurisdiction must appear on the face of the complaint," and courts must "look to the way the complaint is drawn" to determine whether it asserts a "right to recover under the Constitution and laws of the United States.") (quotations omitted); *Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998) (explaining that a plaintiff bringing an action under 42 U.S.C. § 1983 must allege that each government official, through the official's own individual actions, has personally violated the Constitution).

Based on these pleading defects, the Court dismissed the claims in the original Complaint without prejudice.  (Doc. 9) at 4-5.  Consistent with *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990), Plaintiff was *sua sponte* invited to amend his claims within thirty (30) days of entry of the Screening Ruling.  The Screening Ruling set forth the general pleading standards governing 42 U.S.C. § 1983, as well as the pleading standards to bring an Eighth Amendment claim or a claim for excessive force under the Fourth Amendment.  (Doc. 9) at 5-6.  Plaintiff was warned that any amendment will supersede the original Complaint and must include all federal and state claims he wishes to pursue in this case.  He was further warned that if he fails to timely amend his complaint, the Court may dismiss all federal § 1983 claims with or without prejudice; decline to exercise supplemental jurisdiction over any state law claims; and dismiss all state law claims without prejudice for lack of jurisdiction.

The deadline to amend was June 13, 2025. After granting Plaintiff's two motions to extend, the Court set a final deadline of November 4, 2025 for Plaintiff to amend his Complaint. *See* (Docs. 11 and 13) (granting Plaintiff's Motions to Extend, Docs. 10 and 12). Plaintiff did not amend, show cause for such failure, or otherwise respond to the Screening Ruling. Accordingly, the Court will dismiss all federal § 1983 claims in the original Complaint (Doc. 1) with prejudice for failure to state a cognizable claim under 28 U.S.C. § 1915(e) and Rule 12(b)(6). *See Novotny v. OSL Retail Servs. Corp.*, 2023 WL 3914017, at *1 (10th Cir. June 9, 2023) (affirming dismissal with prejudice where the district court rejected a "claim [under Rule 12(b)(6)] but gave [plaintiff] leave to amend, cautioning that failure to allege a plausible claim would result in … [such a] dismissal"). The Court declines to exercise supplemental jurisdiction over any state law claims in the original Complaint (Doc. 1) and will therefore dismiss those claims without prejudice. *See Bauchman v. W. High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997) (federal courts should generally decline to exercise supplemental jurisdiction when no federal claims remain).

**IT IS THEREFORE ORDERED** that each federal 42 U.S.C. § 1983 claim in Plaintiff's original Complaint (Doc. 1) is **DISMISSED with prejudice** for failure to state a cognizable claim under 28 U.S.C. § 1915A and Rule 12(b)(6).

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over any state law claims in the original Complaint (Doc. 1); such state law claims are therefore **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

_____
SENIOR UNITED STATES DISTRICT JUDGE